**Leon L. WITTMER, et al., Appellants,**

v.

**Norbert J. RUEGEMER, d.b.a. Norco Construction, Chester Kottke, City of Corcoran, Respondents.**

**No. C6–86–1599.**

Court of Appeals of Minnesota.

March 10, 1987.

Review Granted May 20, 1987.

Thomas B. Humphrey, Jr., Bloomington, for appellants.

Barbara A. Leininger and Carolyn Juliene Trevis, Minneapolis, for Norbert J. Ruegemer.

Leland S. Watson, Minneapolis, for Chester Kottke.

Eric J. Magnuson and Louise A. Dovre, Minneapolis, for City of Corcoran.

Heard, considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a grant of summary judgment to respondents Norbert Ruegemer, Chester Kottke and the City of Corcoran. Appellants brought claims of negligence and breach of contract relating to construction of improvements to real estate. Summary judgment was granted when the trial court found that appellants had failed to file their claims within the statutorily mandated two-year period. We reverse.

## FACTS

In conjunction with purchase of a property in the City of Corcoran for construction of their home, appellants Leon and Mary Wittmer obtained the services of Ingleside Engineering and Construction. Ingleside performed percolation tests on the property and designed a workable on-site domestic sewage disposal system in compliance with the City's building code.

In July of 1981 appellants entered into a contract with respondent Norbert Ruegemer, d/b/a Norco Construction, to build their new home on the newly purchased property. Incorporated into this contract was a provision requiring construction of an on-site sewage disposal system in accordance with Ingleside specifications.

Respondent Ruegemer advised appellants that he normally used respondent Chester Kottke, respondent City of Corcoran's building inspector, for subcontracted installation of such systems. Appellants approved the subcontract to respondent Kottke because of Kottke's apparent expertise. Upon award of the subcontract for construction of appellants' sewage disposal system, Kottke proposed installation of an alternative system to that recommended by Ingleside. Appellants agreed to purchase this alternative system, again relying on Kottke's expertise. The alternate system was installed, inspected and approved by respondent Kottke in the late Fall of 1981.

In August of 1982 appellants first noticed a problem with their disposal system. While mowing the lawn they discovered the grass in the area of the seepage bed was damp. At this time the ground was firm, the problem minimal.

By June of 1983 the situation had deteriorated. The wet area had grown. The ground had softened and would no longer support the weight of the lawn mower without its wheels sinking. Appellants reacted later that summer by contacting respondent Kottke. Kottke inspected the site and did not find the situation serious. He recommended placement of additional fill at the end of the seepage bed. Appellants accepted Kottke's claim that compliance with his recommendation would solve the problem. Consequently, they decided to implement the recommendation in conjunction with a landscaping project scheduled for the next spring.

Appellants began the work in August of 1984. By that time the situation had decayed even further. The ground at the west end of the system was sinking. A large area of grass had been killed. There was standing water containing sewage. Additional seepage had occurred 30 feet from the original wet spot. Because of the increased severity of the problem appellants again contacted respondent Kottke. Kottke stated he was too busy to again inspect the site, but recommended additional fill and that another contractor be hired to perform the work. Appellants then hired Michael Gaffron, who inspected the system in October of 1984.

Appellants received Gaffron's report upon its completion on October 29, 1984.

Gaffron indicated the sewage system was faulty and recommended installation of a whole new drain field. Subsequent to Gaffron's report, appellants hired an engineering firm which concluded that a whole new system needed to be installed and that Kottke's system was not only defective, but not up to code.

Appellants unsuccessfully attempted to obtain redress with respondent City of Corcoran for their inspector's actions before filing suit against the general contractor, the subcontractor, and the city in October of 1985. Summary judgment was ultimately granted in favor of respondents. The trial court found the applicable two-year statute of limitations had run prior to appellants' claim. The court found as a matter of law that appellants should have discovered the defectiveness of their septic system for purposes of commencing the statutory limitations period in the summer of 1983. At that time appellants had noted that "the problem had worsened to the extent that open water had began standing and the area could no longer support the weight of a lawnmower." Appellants had then contacted inspector/subcontractor Kottke. The court found that since more than two years had passed since appellants' discovery and appellants' claim, that claim was now time-barred.

## ISSUE

Did the trial court err in finding that appellants' claim was barred by the two-year statute of limitations and thus improperly grant summary judgment in favor of respondents?

## ANALYSIS

Summary judgment may be granted if "there is no genuine issue as to any material fact and * * * either party is entitled to a judgment as a matter of law." Minn.R. Civ.P. 56.03. On appeal from a summary judgment it is the function of an appellate court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Grimm v. O'Connor,*

392 N.W.2d 40, 43 (Minn.Ct.App.1986) (quoting *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979)). The evidence must be viewed in the light most favorable to the one against whom summary judgment was granted. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

■ The trial court granted summary judgment pursuant to Minn.Stat. § 541.051 which provides that "no action by any person in contract, tort, or otherwise to recover damages for any injury to property * * shall be brought * * * more then two years after discovery thereof." Minn.Stat. § 541.051, subd. 1 (1984). Since construction of a septic system is an improvement to real property the statute applies to the case at hand. *See Capitol Supply Co. v. St. Paul,* 316 N.W.2d 554, 555 (Minn.1982).

■ The statute of limitations begins to run when some damage occurs which would entitle the victim to maintain a cause of action. *Dalton v. Dow Chemical Co.,* 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968). Minn.Stat. § 541.051 also requires that this damage be discovered for the limitation period to begin. Minn.Stat. § 541.051, subd. 1 (1984).

The trial court found that appellants had discovered the action for the purpose of the statute in the summer of 1983, but had failed to file their action until over two years later in October of 1985. Consequently, the trial court held appellants' claim to be time-barred and granted summary judgment in respondents' favor. We hold the trial court erred in so finding.

■ In the summer of 1983 appellants Leon and Mary Wittmer were confronted with standing water in the area in which their new sewage disposal system had been installed. They responded by calling Chester Kottke, the subcontractor who installed the system and the city inspector. Kottke indicated to appellants that the problem was not serious, additional fill only being needed. Under these circumstances, this standing water alone would not have put a reasonable person on notice of damage to

the system. *See Dalton*, 280 Minn. at 153, 158 N.W.2d at 584. Consequently, the appellants did not discover the damage for purposes of the statute of limitations at that time. In fact, discovery of the damage did not occur until the following Fall.

■ By August 1984 the situation had decayed to the point where appellants called an independent contractor to inspect the system. On October 29, 1984 the Wittmers received the report made pursuant to this inspection documenting that the system was defective. At this point appellants clearly discovered the damage for purposes of the statute of limitations. Since suit was filed within two years of this date, the statute of limitations had not run.

We note the record reveals that appellants Leon and Mary Wittmer in all respects acted reasonably and appropriately in commencement of their suit against respondents. They did not rush to the courthouse. They promptly acted to ascertain whether any damage had occurred to their system. Once they discovered damage had occurred, they pursued every reasonable avenue for resolution of the conflict before filing suit. Throughout this whole process the young couple was hamstrung by reliance on the city inspector, who had subcontracted to install their system. Due to the particular and peculiar circumstances of this case we are reluctant to conclude the statute of limitations had run on the Wittmers' claims.

## DECISION

The trial court erred in finding that appellants' claim was barred by the two-year statute of limitations and thus erred in granting summary judgment.

Reversed.