LAKE CITY APARTMENTS, Appellant,

v.

LUND–MARTIN CO., et al.,
Respondents,

Miller Hanson Westerbeck Bell
Architects, Inc., et al.,
Defendants.

and

MILLER HANSON WESTERBECK
BELL ARCHITECTS, INC., Defendant
and Third–Party Plaintiff,

v.

LUNDQUIST, WILLMAR, SCHULTZ
AND MARTIN, INC., etc.,
Third–Party Defendants.

and

LUND–MARTIN CO., et al.,
Third–Party Plaintiffs,

v.

SWANSON PLUMBING & HEATING,
INC., Third–Party Defendant,
Respondent,

Orv Bakke Insulation, Inc., Respondent.

No. C9–87–1462.

Court of Appeals of Minnesota.

Jan. 5, 1988.

Review Granted March 21, 1988.

William J. Mavity, James G. Ryan, Mavity & Ryan, Minneapolis, for Lake City Apartments.

Mark G. Ohnstad, Marsh J. Halberg, Thomsen, Nybeck, Johnson, Bouquet, Van Valkenburg, Ohnstad, & Smith, P.A., Edina, for respondents Lund–Martin and St. Paul Companies.

Hugh J. Cosgrove, Cosgrove & Haskell, Minneapolis, for Swanson Plumbing & Heating, Inc., third-party defendant, respondent.

Katherine A. McBride, Cousineau, McGuire, Shaughnessy & Anderson, Chtd., Minneapolis, for Orv Bakke Insulation, Inc., respondent.

Heard and considered by NIERENGARTEN, P.J., and LANSING and LOMMEN,* JJ.

## OPINION

A. PAUL LOMMEN, Judge.

Lake City Apartments (Lake City) brought suit against Lund–Martin Company (Lund–Martin) and St. Paul Fire and Marine Insurance Company (St. Paul Fire) for damages due to defective construction of a fire lane for an apartment complex. Lake City later amended its complaint to include plumbing, insulation, concrete and site drainage defects in the construction of the complex. Lund–Martin and St. Paul Fire then brought a third party action against Swanson Plumbing and Heating, Inc. (Swanson) and Orv Bakke Insulation, Inc. (Bakke) for contribution and indemnity. After motions for summary judgment, the trial court struck the amended claims because the claims fell outside the two-year statute of limitations of Minn.Stat. § 541.051. The trial court granted partial summary judgment to Lund–Martin and St. Paul Fire and dismissed the claims against Swanson and Bakke.

Lake City appeals the partial summary judgment granted to Lund–Martin and St. Paul Fire. Lund–Martin and St. Paul Fire filed notice for review of the claims against Swanson and Bakke.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

We affirm in part, reverse in part and remand.

## FACTS

In November 1977, Lake City contracted with Lund–Martin to construct a four-building apartment complex. St. Paul Fire issued a performance bond for Lund–Martin's work. Lund–Martin then subcontracted with Bakke to install insulation and with Swanson to install the plumbing for the project.

The apartment complex was substantially completed sometime in 1979. In May 1979 and again in August 1980, Lake City contacted Lund–Martin about several problems including cracked or broken up sidewalks, a defective fire lane, standing water in the parking lot and defective insulation causing food to freeze during cold weather.

In January 1981, Lake City sought damages from Lund–Martin for breach of its warranties of workmanship and materials in constructing a fire access road because the road was not capable of supporting a fire truck. Lake City also sought damages from St. Paul Fire for its refusal to pay its surety obligation for Lund–Martin's breach of warranties.

In February 1982, Lake City filed notice of a motion to amend the complaint to include damages for inadequate insulation. The motion was postponed indefinitely.

From July 1981 through May 1982, occasional water pipe leaks occurred. After independent testing of the water and water pipe, Lake City installed a pressure-reducing valve. The valve seemed to solve the problem and there were no more leaks until February 1984. An inspection by the Minnesota Housing and Finance Agency revealed that despite the reduction of pressure, the copper tubing seemed to be damaged throughout the building and might need total replacement.

In October 1984, Lake City filed an amended complaint to include damages for defective workmanship and materials in the plumbing, insulation, site drainage and concrete walkways and patios. Fourteen months after service of the amended complaint, Lund–Martin and St. Paul Fire served Swanson and Bakke with a third party action for contribution or indemnity.

Swanson and Bakke moved for summary judgment and Lund–Martin and St. Paul Fire moved for partial summary judgment. The trial court struck the amended claims because of the expiration of the statute of limitations, granted all motions for summary judgment and dismissed the claims against Swanson and Bakke. Lake City appeals and Lund–Martin and St. Paul Fire noticed review of their third party action.

## ISSUE

Did the trial court err in ruling that the Minn.Stat. § 541.051 two-year statute of limitations had expired and prohibited suit on the amended claims?

## ANALYSIS

On appeal from a summary judgment, the appellate court determines (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); *See* Minn.R.Civ.P. 56.03. The trial court found that "all of the damages set forth in the amended complaint * * * involve damages discovered prior to October 18, 1982, [and] said claims are outside the two-year statute of limitations" in Minn.Stat. § 541.051 (1980).

Minn.Stat. § 541.051 subd. 1 states:
Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, * * * arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than

ten years after substantial completion of the construction.

The two year statute of limitations applies to claims of defective workmanship and "begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, an injury sufficient to entitle him to maintain a cause of action." *Greenbrier Village Condominium Two Association, Inc. v. Keller Investment, Inc.*, 409 N.W.2d 519, 524 (Minn.Ct. App.1987).

Lake City provides two theories to bring their amended complaint within the two year statute of limitations. First, Lake City argues that the amended complaint relates back to the original complaint under Minn.R.Civ.P. 15.03 and therefore, it is timely. Second, if the amended complaint does not relate back, Lake City argues that the amended complaint was timely because it was brought within two years of the "discovery" of the defects. The facts do not appear to be in dispute. Lake City had known of the problems with water ponding, inadequate insulation, and concrete cracking since 1979.

a. *Site drainage*

Minn.R.Civ.P. 15.03 states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

"Under this rule an amendment to a complaint or petition setting up no new cause of action will relate back to the commencement of the action." *Nelson v. Glenwood Hills Hospitals, Inc.*, 240 Minn. 505, 514, 62 N.W.2d 73, 78 (1953).

The policy of statutes of limitation is to "compel the exercise of a right of action within a reasonable time so that a defendant will have a fair opportunity to prepare an adequate defense." Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments*, 57 Minn.L.Rev. 83, 84 (1972).

*Swenson v. Emerson Electric Co.*, 374 N.W.2d 690, 696 (Minn.1985), *cert. denied,*

476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986).

An elevation survey of the complex revealed several discrepancies between the plans and the actual placement of the fire lane and grading of the site. The site drainage problem is so closely related to the faulty fire access road that it arose out of the same conduct, transaction, or occurrence. The amendments concerning site drainage relate back to the original complaint and are not barred by the statute of limitations.

b. *Concrete work*

■ Lake City admitted that they knew of cracking in the concrete patios, steps and walkways in 1980 and 1981. Lake City stated that they tried to correct the problem by adding "fill" and "mud jacking" but were unsuccessful. Despite their knowledge, Lake City did not assert a claim for this defect until amending the complaint in 1984. Discovery of the defects had occurred more than two years prior to amending the complaint. The trial court properly struck this claim from the amended complaint under Minn.Stat. § 541.051.

c. *Insulation*

■ Lake City knew of the insulation problem in February 1982 when they moved to amend the complaint to allege inadequate insulation in the walls and around the stove vents. Lake City chose not to amend the complaint at this time. Discovery of the defective insulation occurred prior to the motion to amend the complaint in July 1984 and is barred by the two-year statute of limitations in § 541.051.

■ Lake City argues that Lund–Martin and St. Paul Fire stipulated to notice of the insulation problem in 1982 when they stated "that service of [Lake City's] motion [to amend complaint to add insulation damages] upon [Lund–Martin and St. Paul Fire] on or before February 13, 1980 would be equivalent to commencing a 'suit, action or proceeding' as those terms are used in [the performance bond]." However, this statement limits itself to the terms of the per-

formance bond and would not be notice for purposes of § 541.051.

d. *Plumbing*

In 1981 and 1982, Lake City had experienced pinhole plumbing leaks in one of the buildings. After installation of a pressure reducing valve, the leaks disappeared. In February 1984, the leaks reappeared. Lake City discovered that the pipes had not been joined together properly and all the plumbing in the entire apartment complex needed replacement. In 1984, Lake City amended the complaint to include a claim against Lund–Martin and St. Paul Fire for defective plumbing. The trial court barred the claim because Lake City had discovered the problem more than two years before amending the complaint.

Lake City argues that noticing a problem is not discovery of a defect as a matter of law. *See Continental Grain Co. v. Fegles Construction Co.*, 480 F.2d 793 (8th Cir. 1973). The *Continental Grain* court found that the widening of a crack in the concrete of a grain elevator over the years did not constitute "discovery" of a defect until the elevator collapsed. 480 F.2d at 798. The *Continental Grain* court noted:

> Generally, a statute of limitation begins to run at the time of the negligent act. In Minnesota, the harshness of this rule has been recognized and the statute does not begin to run until damage has resulted. It is not necessary for the final or ultimate damages to be known or predictable, however, the statute begins to run when some damage occurs which would entitle the victim to maintain a cause of action.

*Id.* at 797.

Here, once Lake City had acted as a responsible property owner by installing the pressure-reducing valve, there were no more leaks. Lake City would not have been able to maintain a cause of action. When leaks occurred again in 1984, Lake City discovered the defects in the pipe joints and brought a claim against Lund–Martin and St. Paul Fire within two years. The trial court erred in striking this claim against Lund–Martin and St. Paul Fire.

Lake City also relies on *Wittmer v. Ruegemer*, 402 N.W.2d 187 (Minn.App.1987), *pet. for rev. granted* (Minn. May 20, 1987). However, *Wittmer* turned on "particular and peculiar circumstances" and cannot be applied to this case. 402 N.W.2d at 190.

e. *Third-party action*

The Minnesota supreme court has recognized possible due process concerns if a party is left with insufficient time within a two-year period to bring an action for contribution or indemnity. *See Calder v. City of Crystal*, 318 N.W.2d 838, 844 (Minn.1982) (due process concerns not implied because city had 14 months to join third parties before the statute of limitations expired); *Bulau v. Hector Plumbing and Heating Co.*, 402 N.W.2d 528, 531 (Minn.1987) (no due process concerns as Hector had almost six months to join third parties); *Ocel v. City of Eagan*, 402 N.W. 2d 531, 533 (Minn.1987) (due process concerns not implied because city had at least nine months to bring third party action).

No due process concerns are triggered here. Lake City discovered the plumbing leaks in February 1984 and amended their complaint in October 1984. Lund–Martin and St. Paul Fire had over a year to join Swanson before the statute of limitations expired.

Lund–Martin and St. Paul Fire's claim against Bakke was properly dismissed because the discovery of the insulation occurred more than two years before the amendment of the complaint.

### DECISION

Affirmed in part, reversed in part and remanded for trial.