**LAKE CITY APARTMENTS, Appellant,**

v.

**LUND–MARTIN CO., St. Paul Fire and Marine Insurance Co., Respondents,**

v.

**SWANSON PLUMBING AND HEATING, INC., and Orv Bakke Insulation, Inc., Respondents.**

No. C9–87–1462.

Court of Appeals of Minnesota.

Aug. 16, 1988.
Review Denied Oct. 19, 1988.

William J. Mavity, James G. Ryan, Mavity & Ryan, Minneapolis, for Lake City Apartments.

Mark G. Ohnstad, Marsh J. Halberg, Thomsen, Nybeck, Johnson, Bouquet, Van Valkenburg, Ohnstad & Smith, P.A., Edina, for Lund–Martin Co., St. Paul Fire and Marine Insurance Co.

Hugh J. Cosgrove, Cosgrove & Haskel, Minneapolis, for Swanson Plumbing and Heating, Inc.

Katherine A. McBride, Cousineau, McGuire, Shaughnessy & Anderson, Chtd., Minneapolis, for Orv Bakke Insulation, Inc.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and LOMMEN, JJ.

## OPINION

A. PAUL LOMMEN, Judge *.

The Minnesota Supreme Court granted petitions of Lund–Martin Company (Lund–Martin), St. Paul Fire and Marine Insurance Company (St. Paul Fire) and Swanson Plumbing and Heating, Inc. (Swanson) for further review. The supreme court then remanded the case to this court for reconsideration in light of *Wittmer v. Ruegemer*, 419 N.W.2d 493 (Minn.1988). *Lake City Apartments v. Lund–Martin Co.*, 421 N.W.2d 302 (Minn.1988). Because there are genuine issues of material fact, we reverse and remand for trial.

## FACTS

The facts of this case were stated in *Lake City Apartments v. Lund–Martin Co.*, 417 N.W.2d 704 (Minn.Ct.App.1988), *pet. for rev. granted and case remanded,* 421 N.W.2d 302 (Minn.1988) and need not be repeated here.

\* Acting as judge of the Court of Appeals by ap-

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

On appeal from a summary judgment, the appellate court determines (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); *see* Minn.R.Civ.P. 56.03. The court must view the evidence in the light most favorable to the nonmoving party. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982); *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). Any doubt as to the existence of a material fact must be resolved in favor of finding a fact issue exists. *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974).

We have considered *Wittmer* and Minn. Stat. § 541.051 (1986) (as amended by 1988 Minn.Laws ch. 607). We find that a genuine issue of material fact exists and that summary judgment was inappropriate under either *Wittmer* or § 541.051 as recently amended. Minn.Stat. § 541.051, subd. 1 now states:

*(a)* Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, * * * arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after discovery *of the injury or, in the case of an action for contribution or indemnity, accrual of the cause of action,* nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construc-

pointment pursuant to Minn.Const. art. 6, § 2.

tion is sufficiently completed so that the owner or owner's representative can occupy or use the improvement for the intended purpose.

*(b) For purposes of paragraph (a), a cause of action accrues upon discovery of the injury or, in the case of an action for contribution or indemnity, upon payment of a final judgment, arbitration award or settlement arising out of the defective and unsafe condition.*

1988 Minn.Laws ch. 607, § 1 (amendments underscored).

The amendment clearly states that the two year statute of limitations is triggered by the discovery of the injury, not discovery of the defective and unsafe condition. *But see Wittmer,* 419 N.W.2d 493, 496 (Minn.1988); *Continental Grain Co. v. Fegles Construction Co., Inc.,* 480 F.2d 793, 797 (8th Cir.1973).

When reasonable minds may differ about the discovery of the injury or condition, the issue is one for the trier of fact. *See, e.g., Wittmer* at 497. Here, from July 1981 through May 1982, occasional water pipe leaks occurred. After independent testing of the water and water pipe and consultation with an engineering firm, Lake City installed a pressure reducing valve in December 1982. No more leaks appeared until 1984. At this time, Lake City learned that, despite the reduction of pressure, the copper plumbing was damaged throughout the building and all the plumbing might need replacing. A later examination of the plumbing revealed that the leaks were caused by defective workmanship in soldering the joints.

Given these facts, reasonable minds may differ about the date of discovery of the injury under the amendments to Minn.Stat. § 541.051 or the date of discovery of the condition following *Wittmer.*

## DECISION

The grant of summary judgment to Lund–Martin and St. Paul Fire is reversed and we remand determination of the date of discovery to the trial court. Since summary judgment was inappropriate, we re-

verse the dismissal of Lund–Martin and St. Paul Fire's third party claim against Swanson as well and remand the issue of timely service under the statute of limitations to the trial court.

Reversed and remanded.