**In re the Matter of the Arbitration Demand of 200 LEVEE DRIVE ASSOCIATES, LTD., Appellant,**

v.

**BOR–SON BUILDING CORPORATION, Respondent.**

**No. C5–89–6.**

Court of Appeals of Minnesota.

June 13, 1989.

William J. Mavity, James G. Ryan, Mavity & Ryan, Minneapolis, for appellant.

John Patterson, Ronald E. Martell, Moore, Costello & Hart, St. Paul, for respondent.

Heard, considered and decided by HUSPENI, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

200 Levee Drive Associates, Ltd. appeals from a trial court order staying arbitration due to an untimely demand. We affirm in part and remand.

## FACTS

In January 1980, the parties entered into a standard construction contract for the erection of an apartment building. Appellant 200 Levee Drive Associates, Ltd. (Levee) was the developer and respondent Bor–Son Building Corporation (Bor–Son) was the general contractor on the project. The contract required the parties to arbitrate their disputes and incorporated the terms of the American Institute of Architects (AIA) General Conditions, Form A–201 (1976). The incorporated general conditions contained the following:

> 7.9.2 Notice of the demand for arbitration shall be filed in writing with the other party to the Owner–Contractor Agreement and with the American Arbitration Association, and a copy shall be filed with the Architect. *The demand for arbitration shall be made within* the time limits specified in Subparagraph 2.2.12 where applicable, and in all other cases within *a reasonable time* after the claim, dispute or other matter in question has arisen, *and in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in*

> *question would be barred by the applicable statute of limitations.*

(Emphasis added).

The building was substantially completed in November 1980. In spring 1981, a problem with the building's brick facade was discovered. One of Levee's agents complained to the Bor–Son project manager about the discoloration of the brick. Bor–Son notified Levee that the problem was caused by moisture trapped in the brick or the cavity behind the brick. Letters were sent back and forth between agents of both parties over the course of the next year. The brick supplier provided appellant's property management with a cleaning solution in March 1982.

In June 1987, Levee received a report it commissioned from an engineering firm concerning the results and recommendations stemming from their investigation and testing of the brick facade. The report set forth the water pressure tests performed on the building, along with the resultant cracking and pitting of the bricks and mortar. Although it indicates that the problems may stem from unrelated causes such as design, much of the report notes that the problems relate to water seepage into the facade area; the same problem which caused the brick discoloration.

The engineering report was sent to Bor–Son in late June 1987. Bor–Son informed Levee that it felt the building, including the facade, conformed to the building plans and industry standards, and suggested Levee contact an architect if it desired some structural changes.

Levee filed a demand for arbitration in August 1988, fourteen months later. Bor–Son moved the trial court for an order staying arbitration pursuant to Minn.Stat. § 572.09 (1988). The trial court stayed arbitration, finding that the six-year contract statute of limitations was applicable and therefore barred Levee's demand for arbitration under the agreement.

## ISSUES

1. Did the trial court properly consider and decide the issue of timeliness of the arbitration demand?

2. Did the trial court apply the correct statute of limitations?

## ANALYSIS

■■■ The parties' intent to arbitrate is determined by the language in their agreement. *State v. Berthiaume*, 259 N.W.2d 904, 909 (Minn.1977). A reviewing court need not defer to the trial court's interpretation of an arbitration agreement. *Millwrights Local 548, United Brotherhood of Carpenters & Joiners, AFL–CIO v. Robert J. Pugleasa Co., Inc.*, 419 N.W.2d 105, 107 (Minn.Ct.App.1988) (*Pugleasa*). This court may independently determine whether the proper interpretation was given to the language in the agreement. *R.M. Bennett Heirs v. Ontario Iron Co.*, 426 N.W.2d 921, 923 (Minn.Ct.App.1988); *Pugleasa*, 419 N.W.2d at 107.

1. Levee argues that by reaching the timeliness issue, the trial court went beyond the statutory issue presented to it by Minn.Stat. § 572.09(b) (1988). That statute provides:

> On application, the court may stay an arbitration proceeding commenced or threatened *on a showing that there is no agreement to arbitrate.* Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

(Emphasis added.) Appellant maintains the trial court should have sent the dispute to arbitration after it determined that a valid arbitration issue existed because the timeliness of the demand was an issue for the arbitrator, not the court.

■■■ The Uniform Arbitration Act does not limit the time in which arbitration must be demanded. Therefore "this gap or arguable deficiency * * * must be filled by agreement of the parties." *Har–Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 155–56, 218 N.W.2d 751, 756 (1974) (footnote omitted); *see also Lucas v. American Family Mutual Insurance Co.*, 403 N.W.2d 646 (Minn.1987) (parties may restrict arbitration by mutual agreement).

In actions to stay arbitration, the limited issue presented to the trial court is the existence and scope of the arbitration agreement. *United States Fidelity & Guaranty Co. v. Fruchtman*, 263 N.W.2d 66, 71 (Minn.1978).

■■■ While no appellate court in Minnesota has determined whether enforcement of a clause of this type is a "scope" issue, the supreme court has indicated in dicta that the trial court is the proper body to make this decision.

> Fraud in the inducement, waiver, laches, or *limitation statutes*, when asserted against a breach-of-contract claim, may be characterized as collateral defenses raising legal issues which, if established, preclude reaching the merits of the dispute sought to be arbitrated.

*Har–Mar* at 156, 218 N.W.2d at 756 (emphasis added); *see also Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422, 427–28 (Minn.1980) (when a defense to an action to compel arbitration is not based on the underlying dispute but instead is derived from activity before the court, the court may rule).

Paragraph 7.9.2 of the parties' agreement indicates an intention that the statute of limitations clause would limit a party's right to demand arbitration. Therefore, the time and expense of an action to compel arbitration and the actual arbitration hearing would be eliminated under the provisions of paragraph 7.9.2 if a determination were made that the statute of limitations prevented such action. We conclude that the trial court properly reserved to itself the jurisdiction to make that determination.

We are mindful of the fact that arbitration has long held favored status under Minnesota law due to its efficiency and effectiveness. *See Ramsey County v. AFSCME Council 91*, 309 N.W.2d 785, 790 (Minn.1981); *Beebout v. St. Paul Fire & Marine Insurance Co.*, 365 N.W.2d 271, 273 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. May 31, 1985). However, the limitations defense in this instance presents a proper scope issue which may be effort-

lessly decided by the trial court during the action to stay arbitration.

2. Levee also alleges that if the trial court properly took jurisdiction of the timeliness issue, it erred as a matter of law in applying the incorrect statute of limitations. The trial court applied the six-year contract statute of limitations contained in Minn.Stat. § 541.05, subd. 1(1) (1988). Levee maintains the two-year statute set forth in Minn.Stat. § 541.051, subd. 1(a) (1988) applies, and the cause of action did not accrue until Levee received notice of the damage as set forth in the June 1987 engineering report.

Minnesota's six-year contract statute of limitations provides in part:

> Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years:
>
> (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed;

Minn.Stat. § 541.05, subd. 1(1) (1988). Minnesota's two-year statute states in part:

> Subdivision 1. (a) Except where fraud is involved, no action by any person in contract, * * * to recover damages for any injury to property, * * * arising out of the defective and unsafe condition of an improvement to real property, * * * shall be brought against any person performing or furnishing the design * * * more than two years after discovery of the injury * * *.

Minn.Stat. § 541.051, subd. 1(a) (1988).

■ The trial court reasoned that because Bor–Son's motion to stay arbitration is an action to enforce a contract provision, it is subject to the six-year statute of limitations. While section 541.05, subd. 1(1) could apply to this action because it arises out of a contract between the parties, section 541.051 may also apply because the injury arises out of a defective and unsafe condition of an improvement to real property. Where the provisions of two laws conflict, and where they cannot be otherwise reconciled, the more particular provision prevails over the more general provision. Minn.Stat. § 645.26, subd. 1 (1988).

■ Section 541.051 clearly contains the more particular provision because it is limited to actions involving a defective and unsafe condition of an improvement to realty, whereas section 541.05, subd. 1(1) applies generally to all actions based upon a contract or obligation. *Accord Ford v. Emerson Electric Co.*, 430 N.W.2d 198, 200–01 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Dec. 16, 1988) (provisions of section 541.051 more particular than those of section 573.02 regarding wrongful death actions); *Fagerlie v. City of Willmar*, 435 N.W.2d 641, 644 (Minn.Ct.App.1989) (provisions of section 541.051 more particular than those of section 541.05, subd. 1(2) regarding actions to impose liability created by statute). Consequently, we conclude that section 541.051, not section 541.-05, subd. 1(1), applies here.

■ In applying Minn.Stat. § 541.051 (1986), the supreme court has stated that where reasonable minds may differ about when the defective and unsafe condition should have been discovered in the exercise of due diligence, the time of discovery is a question of fact. *Wittmer v. Ruegemer*, 419 N.W.2d 493, 497 (Minn.1988). Because section 541.051 now provides that the statute of limitations commences upon discovery of the *injury, see* 1988 Minn. Laws ch. 607, §§ 1, 3 (applicable to all actions pending on or commenced after April 25, 1988), the proper fact determination is when the injury should have been discovered in the exercise of due diligence.

■ Appellant argues that because the problem occurring in 1981 was believed to be cosmetic and amenable to correction with cleaner supplied by respondent, awareness of injury under section 541.051, subd. (1)(a) occurred only upon receipt of the engineering report in 1987, a date within the two year section 541.051, subd. (1)(a) statute of limitations. The trial court's order and memorandum does not indicate whether it considered the applicability of this section to the issue of the timeliness of appellant's demand for arbitration. Because such consideration must be made and because it is beyond the scope of our re-

view to engage in fact-finding, we remand this issue to the trial court for further proceedings.

### DECISION

The trial court properly considered and decided the issue of whether Levee made a timely demand for arbitration. The record is inadequate for us to determine, as a matter of law, that Levee's demand for arbitration is untimely. We therefore remand that issue to the trial court for further consideration.

Affirmed in part and remanded.