**CITY OF MORRIS, Minnesota, Respondent,**

v.

**DUININCK BROS., INC., Appellant.**

No. C5–94–2028.

Court of Appeals of Minnesota.

May 16, 1995.

Duininck Brothers Construction Company (Contractor) for improvements to the Morris Wastewater Treatment Facility. The contract price was $1,699,608. In November 1993, the city's engineer submitted a change order which requested additional work on the project at an estimated cost of $128,000. Contractor's proposed cost for the additional work was $232,650.

During November and December 1993, the parties sent letters and held a meeting to negotiate an agreeable price for the additional work. After Contractor asked to suspend further talks until its chief engineer on the project, Verne Carlson, returned from a two-month vacation, Contractor alleges that it "was assured that this would be no problem."

On December 29, 1993, City sent Contractor a letter with a final decision on the price for the additional work. This letter also included the following paragraph:

> Article 16 of the Standard General Conditions (page 31) states that "All claims, disputes, and other matters in questions between the OWNER and CONTRACTOR arising out of, relating to the Contract Documents ... will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining subject to the limitations of this Article 16." As noted above, the Engineer has rendered a decision that the additional Common Excavation required to complete the project should be completed at the bid price of $1.60/CY as outlined in the draft Change Order No. 1. If the Contractor chooses to demand arbitration he is required to provide the Owner with such written demand within 30 days of receipt of this letter.

Thomas R. Olson, Amy Baudler, The Law Offices of Thomas R. Olson, St. Paul, for appellant.

Charles C. Glasrud, Morris City Atty., Morris, for respondent.

Considered and decided by NORTON, P.J., and PARKER and FOLEY,* JJ.

## OPINION

NORTON, Judge.

Appellant contractor contends the district court erroneously granted a temporary injunction preventing arbitration of a contract issue. The question of whether appellant waived its opportunity to arbitrate is a procedural question for the arbitrator, not the district court. We reverse.

## FACTS

On July 8, 1993, respondent City of Morris (City) entered a contract with appellant

Contractor initially told City that it would be unable to respond to the letter until Carlson's return. But after City told Contractor that it would "forfeit its right to demand arbitration" if it waited until Carlson returned, Contractor sent a letter to the city's engineer requesting arbitration. The parties

---

\* Retired judge of the Minnesota Court of Appeals serving by appointment pursuant to Minn. Const. art. VI, § 2.

contest now whether this letter complied with the arbitration procedural rules in the parties' contract. The rules provided:

16.2 * * * No demand for arbitration of any such claim, dispute or other matter will be made later than thirty days after the date on which ENGINEER has rendered a written decision in respect thereof in accordance with paragraph 9.11; and the failure to demand arbitration within said thirty days' period shall result in ENGINEER's decision being final and binding upon OWNER and CONTRACTOR.

*   *   *   *   *   *

16.3 Notice of the demand for arbitration will be filed in writing with the other party to the Agreement and with the American Arbitration Association, and a copy will be sent to ENGINEER for information. The demand for arbitration will be made within the thirty-day or ten-day period specified in paragraph 16.2 as applicable.

Contractor claims that, shortly after it sent the January 24 letter, City's attorney told Roger Nybakke, one of Contractor's employees, that negotiations would be more cost-effective than arbitration. As a result, Contractor ceased pursuing arbitration and waited for Carlson to return so they could resume negotiations. When Contractor attempted to reopen negotiations, however, City responded with a letter informing Contractor that its earlier request for arbitration had been defective because Contractor had failed to follow proper procedures in the rules.

When the issue came before the Morris City Council, the council decided to accept the change order at the city engineer's price. On July 20, 1994, Contractor filed a "Demand for Arbitration" with the American Arbitration Association for the amount of $232,-650.00. On August 11, 1994, City brought this action to enjoin Contractor from arbitrating this dispute. The district court issued a temporary injunction pursuant to Minn.Stat. § 572.09 (1994).

### ISSUE

Is the district court the proper forum to determine whether Contractor waived its right to arbitration?

### ANALYSIS

Contractor contends the district court's decision to enjoin arbitration was improper because the issue of waiver rests with the arbitrator, not the court. We agree.

Minn.Stat. § 572.09(b) (1994) provides:

On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

In such an action for injunctive relief, the "limited issue presented to the trial court is the existence and scope of the arbitration agreement." *200 Levee Drive Assoc., Ltd. v. Bor–Son Bldg. Corp.*, 441 N.W.2d 560, 563 (Minn.App.1989) (citing *United States Fidelity & Guar. Co. v. Fruchtman*, 263 N.W.2d 66, 71 (Minn.1978)).

In seeking injunctive relief, City argued that Contractor had waived the right to arbitrate by failing to follow proper procedures when demanding arbitration. Whether or not Contractor waived its right to arbitration is a procedural issue. *Millwrights Local 548, United Brotherhood of Carpenters & Joiners, AFL–CIO v. Robert J. Pugleasa Co.*, 419 N.W.2d 105, 107 (Minn. App.1988) (*Pugleasa*). "[P]rocedural arbitrability issues examine whether preliminary steps of the grievance procedure have been exhausted or excused." *Id.*

As a general rule, issues of waiver and laches should be decided by the arbitrator rather than the court. *Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422, 427 (Minn.1980). We defer to the arbitrator because these procedural issues are often intertwined with the substantive dispute intended for arbitration; we do not want to try an issue in two different forums. *Id.*

The facts of this case do not fall into either of the two narrow exceptions the court has

created to the general rule. In *Brothers Jurewicz*, 296 N.W.2d at 427–28 & n. 7, the court allowed the trial court to rule on a laches defense only because litigation had already begun a year before the defendant requested arbitration. In contrast here, City began this litigation for the sole purpose of staying Contractor's demand for arbitration.

In *200 Levee Drive*, 441 N.W.2d at 563, the trial court had stayed arbitration due to an expired statute of limitations. This court held that the limitations defense presented "a proper scope issue which may be effortlessly decided by the trial court during an action to stay arbitration." *Id.* at 563–64. Unlike the limitations question that required the *200 Levee Drive* court to compare dates to make its decision, the waiver issue here required a greater level of inquiry and effort by the trial court to determine the level of the parties' knowledge, the sequence of events, and whether Contractor had complied with the procedural rules when demanding arbitration.

This case is factually similar to *Pugleasa*, 419 N.W.2d at 107–08, where the court reversed in favor of arbitration. There, a union filed a motion to compel arbitration eight months after the grievance process had failed. *Id.* at 106–07. The employer responded that the union waived the issue when it had failed to submit the matter to the Board of Arbitration in writing. *Id.* at 107. When the union moved to compel arbitration, the trial court heard the matter and denied the order on the basis of waiver. *Id.* This court focused on the procedural nature of the waiver issue:

> [A] court could deny arbitration only if it could confidently be said not only that a claim was strictly "procedural," * * * but also that it should operate to bar arbitration all together, and not merely limit or qualify an arbitral award.

*Id.* at 108 (quoting *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557–58, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964)). On this basis, this court held that the employer had not raised such a "rare case" to justify denying arbitration on the procedural issues. *Id.* at 109. This court reversed for arbitration, saying:

> The union's excuses for untimeliness, and past practice on strict compliance, are issues which bear on the waiver, need to be examined and are more properly addressed to the arbitrator as a threshold issue.

*Id.*

These same considerations warrant reversal for arbitration in this case. The waiver issue here requires inquiry into threshold issues such as what the parties knew, when they knew it, and what they did about it. The issue also requires information about what steps were necessary to demand arbitration here and whether the negotiations between the parties from December 1993 to March 1994 delayed Contractor's 30 days to demand arbitration. These waiver issues, which focus on the "preliminary steps" of arbitrating the contract dispute, are procedural questions for the arbitrator to determine, not for the trial court. *See Pugleasa*, 419 N.W.2d at 107 (procedural questions examine whether preliminary steps have been exhausted or excused).

### DECISION

The trial court erred when it decided the waiver issue and enjoined Contractor from arbitrating the contract dispute. Waiver is a threshold procedural issue for the arbitrator, not the trial court, to determine.

**Reversed.**