# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1052

_____

| | | |
|---|---|---|
| Pamida, Inc., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Christenson Building Corporation, | * | |
| | * | Appeal from the United States |
| Defendant/Third Party | * | District Court for the |
| Plaintiff - Appellee, | * | District of Minnesota. |
| | * | |
| v. | * | |
| | * | |
| R & Q Trucking, Inc.; Maxim | * | |
| Technologies, Inc.; Lowell Johnson, | * | |
| | * | |
| Third Party Defendants - | * | |
| Appellees. | * | |

_____

Submitted: November 16, 2001

Filed: April 4, 2002

_____

Before LOKEN, LAY, and RILEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In the fall of 1990, Christenson Building Corporation ("CBC") completed a 42,000 square foot retail store in Roseau, Minnesota, for Pamida, Inc. In May 1999, Pamida commenced this diversity action alleging that inadequate compaction and the use of improper fill materials had caused the concrete floor slab to settle, causing substantial damage to the store. CBC asserted third-party claims against the construction superintendent, Lowell Johnson, and two subcontractors, R&Q Trucking and Maxim Technologies (as successor in interest to Twin City Testing). The district court[1] granted summary judgment in favor of CBC, concluding that Pamida's claim is time-barred under the Minnesota statute requiring that actions to recover damages for injuries arising out of defective improvements to real property may not be brought "more than two years after discovery of the injury." MINN. STAT. § 541.051, subd. 1(a). Pamida appeals, asserting that it did not discover the relevant injury until 1998. We affirm.

## I.

The Pamida store opened in November 1990. In the spring of 1991, following a wet snowfall, Pamida's store manager noticed floor cracks in the north end of the building, about six feet from the exterior wall and extending almost the length of that wall. The cracks worsened, a gap formed between the north wall and the bottom of the floor, and storage racks along the north wall buckled. Twin City Testing investigated and reported that the exterior backfill along the north wall had settled and become saturated, trapping water that percolated through the foundation and caused the floor slab along the north wall to settle. Twin City Testing recommended replacing and re-sloping the exterior backfill and using "mudjacking"[2] to return the

---

[1]The HONORABLE ANN. D. MONTGOMERY, United States District Judge for the District of Minnesota.

[2]Mudjacking involves drilling a series of holes through the floor and pumping a grout mixture under pressure into the holes to raise the level of the concrete floor.

interior floor slab to the correct grade. Weleske Improvements performed the mudjacking at a cost of $6,676. In June 1992, Pamida demanded that CBC reimburse Pamida for the 1991 repairs. When CBC did not pay, Pamida threatened litigation but did not sue because of the small amount at issue.

In the spring of 1996, Pamida found evidence of new settling on the south side of the store, near the main entryway. Weleske Improvements investigated and found interior settling around the main entryway and adjacent restrooms, cracks in the front sidewalk two to ten feet from the south wall, areas where the front sidewalk tilted toward the building, and a dip in the store's parking lot a few feet south of the sidewalk. Weleske proposed mudjacking for portions of the concrete floor slab near the south wall and for the front sidewalk. Weleske submitted a written proposal for $8,570, but the work was not performed.

In 1997 and 1998, the interior settling problems became more severe. Settling around the main entryway worsened, new settling was observed along the north wall, and settling appeared along the east and west walls and around interior pillars throughout the store. In the "sign room," west of the entryway on the south wall, a Pamida witness testified "the floor just . . . broke off, dropped," almost overnight. Weleske Improvements again surveyed the damage. This time, it drilled a core hole in the floor slab to investigate and discovered that the interior fill contained black dirt and sod, which can decompose and cause settling. After additional testing confirmed the use of inappropriate fill, Pamida spent over $500,000 to repair damage to the floor, foundation, walls, and plumbing system.

On May 28, 1999, Pamida filed this action. The district court granted summary judgment for CBC, concluding that Pamida's claims are time-barred because it discovered the injury in 1991 and in 1996. We review the grant of summary judgment *de novo*. Treanor v. MCI Telecommunications Corp., 200 F.3d 570, 573 (8th Cir. 2000).

**II.**

The statute of limitations for actions based on improvements to real property is found in § 541.051 of the Minnesota Statutes. As relevant here, the statute bars actions commenced more than two years after discovery of the problem. Prior to 1988, § 541.051, subd. 1, provided that no damage action "arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought . . . more than two years *after discovery thereof*" (emphasis added). In Wittmer v. Ruegemer, 419 N.W.2d 493, 496 (Minn. 1988), the Supreme Court of Minnesota held that the two-year limitations period began to run upon discovery "of the defective and unsafe condition causing injury or damage." The Minnesota Legislature promptly amended § 541.051, subd. 1, to provide in relevant part:

> (a) Except where fraud is involved, no action . . . to recover damages for any injury to property, real or personal . . . arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought . . . more than two years *after discovery of the injury* . . . .
>
> (b) For purposes of paragraph (a), a cause of action accrues upon *discovery of the injury* . . . .

(Emphasis added.) In Willmar v. Short-Elliot-Hendrickson, 475 N.W.2d 73, 76-77 (Minn. 1991), the Supreme Court of Minnesota held that this amendment could not be applied to pending cases because it had "significantly altered the statute of limitations" and "effectively overruled Wittmer by establishing the discovery of an injury, rather than a defective condition, as the point at which the limitation period begins to run." Accord Hyland Hill North Condo. Ass'n, Inc. v. Hyland Hill Co., 549 N.W.2d 617, 621 (Minn.), cert denied, 519 U.S. 1041 (1996).

The issue, then, is whether Pamida discovered the relevant injury prior to May 28, 1997, two years before it commenced this action. That fact issue is frequently --

-4-

but not always -- inappropriate for summary judgment resolution.  Compare Lake City Apartments v. Lund-Martin Co. I, 417 N.W.2d 704, 707 (Minn. App. 1988), with Metropolitan Life Ins. Co. v. M.A. Mortenson Co., 545 N.W.2d 394, 398 (Minn. App. 1996).  Here, it is undisputed that the concrete floor slab settled near the north wall in 1991 and near the south wall in 1996, causing Pamida "injury" on both occasions.  But the key question, Pamida argues, is not simply whether there was "injury," but whether the injury "arises out of a defective and unsafe condition."  Construing the statute in that manner and relying primarily on cases decided before the 1988 amendment, Pamida argues that summary judgment was improper because it is a disputed fact issue whether the settling and cracking observed and investigated in 1991 and 1996 arose out of a construction defect, or were simply naturally occurring settlement.  Not until widespread problems were observed in 1997 and 1998 did Pamida discover that its injury arose out of a defective and unsafe condition.

We reject Pamida's argument because it merely restates Minnesota law before the 1988 amendment, an amendment the Supreme Court of Minnesota described as significantly altering the statute.  Discovery that an injury arises out of a defective condition is discovery of the defective condition.  That is precisely the standard adopted in Wittmer and legislatively overruled by the 1988 amendment.  Pamida asserts that the term "discovery of the injury" cannot be read literally when the injury is the cracking and settling of walls and floors because that would mean every buyer of a new home must sue the builder when the first minor crack appears, or risk being time-barred if the problem turns out to be serious.  But in our view the critical task under the amended statute is to define the relevant injury.  The judicial tendency in these cases, illustrated by Wittmer, has been to focus on the nature of the defect -- whether cracking and settling was caused by poor drainage, uncompacted exterior backfill, improper interior fill under the floor slab, and so forth.  Now, the Minnesota Legislature has put the focus on the injury, not its cause.

In this case, if the builder used improper interior fill, the entire concrete floor slab was injured. That kind of injury is not discovered by observing a single, minor crack in the floor. The issue is when did Pamida discover it. Pamida discovered and repaired significant cracking and settling injury to the floor along the north wall of the store in 1991. It discovered significant cracking and settling injury to the floor on the south side of the store in 1996. At that point, Pamida had discovered injuries to the floor slab spanning virtually the entire store area. Though greater damage materialized in 1997 and 1998, the two-year limitations period in § 541.051, subd. 1(a), "does not await a leisurely discovery of the full details of the injury." Appletree Square 1 Ltd. P'ship, CHRC, v. W.R. Grace & Co., 815 F. Supp. 1266, 1279 (D.Minn 1993) (quotation omitted), aff'd, 29 F.3d 1283 (8th Cir. 1994). We agree with the district court that, with the appearance of significant cracking and settling in another part of the store in 1996, Pamida discovered an injury to the entire concrete floor slab, whether or not it should have investigated and discovered that the injury arose from defective interior fill or some other condition. Therefore, Pamida's claim against CBC is time-barred. Because Pamida discovered the relevant injury as a matter of law in 1996, we need not consider the district court's alternative ground, that discovery of the injury along the north wall in 1991 was sufficient by itself to commence the two-year statute of limitations on this claim.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-