**INDEPENDENT SCHOOL DISTRICT NO. 775, Appellant,**

v.

**HOLM BROTHERS PLUMBING AND HEATING, INC., Respondent.**

**No. CX-02-1701.**

Court of Appeals of Minnesota.

April 29, 2003.

John J. O'Donnell, Knutson, Flynn & Deans, P.A., Mendota Heights, MN, for appellant.

Thomas E. Peterson, Peterson & Hektner, Ltd., Minneapolis, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge, KALITOWSKI, Judge, and MINGE, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Independent School District No. 775 challenges the district court's order staying arbitration, arguing that its demand for arbitration was timely because the limitations period established in the contract it signed with respondent Holm Brothers Plumbing and Heating, Inc., was not triggered when appellant discovered the injury, but rather when appellant knew both the specific cause of the injury and the responsible party.

## FACTS

In 1993, appellant retained KKE Architects to develop plans and specifications for a new school building. KKE proposed installation of a geothermal heat pump system to heat and cool the building and developed plans and specifications for such a system. The plans and specifications were available to all bidders on the building project. Section 15510 of the plans called for the installation of balance valves for the geothermal heat pump system.

Respondent was the successful bidder for the installation of the pump system. Appellant and respondent entered into a standard form contract published by the American Institute of Architects (AIA) to perform the work set out in section 15510. That contract incorporated by reference the General Conditions of the Contract for Construction, which is a standard form contract published by the AIA. Paragraph 7.9.1 of the contract required that all disputes between the parties be resolved by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. And paragraph 7.9.2 stated that no demand for arbitration could be made

> after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

In 1994, respondent certified that it had completed the installation of the heat pumps. But in September 1995, problems began to appear. And between 1996 and 1998, Chappell Central, a heating, ventilating, and air conditioning contractor, was called on 12 times to make repairs to the heat pumps and heat exchangers. On December 9, 1999, Chappell informed the superintendent of the school district that multiple compressor/coils had failed and that they should not have failed in such a short amount of time.

On December 20, 1999, the superintendent hired GHP Systems to analyze the heat pumps and determine the specific cause of the failure of the compressor/coils and the responsible party. On January 4, 2000, Kris Jeppeson of GHP visually inspected the heat pumps and took a failed compressor/coil for further analysis.

On February 14, 2000, Jeppeson sent a letter to the superintendent explaining the results of the investigation. Jeppeson blamed the problems on the fact that the system did not have balancing valves installed. Jeppeson concluded that the responsible party was the contractor who performed the work in section 15510 of the bid specifications.

On December 28, 2001, appellant served a demand for arbitration on respondent. Pursuant to Minn.Stat. § 572.09(b), respondent brought a motion in the district court for an order to stay and dismiss the arbitration on the ground that the demand for arbitration was untimely. The district court granted respondent's motion and stayed the arbitration. The district court

found that the school district had discovered an actionable injury by December 9, 1999, if not sooner, and that the two-year statute of limitations in Minn.Stat. § 541.051, subd. 1, began to run by that date. Because appellant did not serve a demand for arbitration until December 28, 2001, the district court determined that the demand for arbitration was untimely.

## ISSUES

1. Did the district court have subject matter jurisdiction to decide the issue of whether a timely demand for arbitration was made?

2. Did the district court err when it determined that the limitations period on appellant's claim against respondent began to run on the date that appellant discovered the injury?

3. Should respondent's motion to strike be granted?

## ANALYSIS

### I.

In actions to stay arbitration, the limited issue presented to the district court is the existence and scope of the arbitration agreement. *United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66, 71 (Minn.1978). A reviewing court need not defer to the district court's interpretation of an arbitration agreement. *Millwrights Local 548, United Bhd. of Carpenters & Joiners, AFL–CIO v. Robert J. Pugleasa Co., Inc.,* 419 N.W.2d 105, 107 (Minn.App.1988). This court may independently determine whether the proper interpretation was given to the language in the agreement. *R.M. Bennett Heirs v. Ontario Iron Co.,* 426 N.W.2d 921, 923 (Minn.App.1988); *Pugleasa,* 419 N.W.2d at 107.

Appellant argues that the district court lacked subject matter jurisdiction to decide the timeliness of appellant's arbitration demand. Appellate courts review determinations of subject matter jurisdiction de novo. *Bisbee v. City of Fairmont,* 593 N.W.2d 714, 717 (Minn.App.1999).

We conclude that this court's decision in *200 Levee Drive Associates, Ltd. v. Bor-Son Bldg. Corp.,* 441 N.W.2d 560, 562 (Minn.App.1989), is controlling. The contract in that case contained language nearly identical to the language contained in the contract in dispute here, including a requirement that the parties arbitrate their disputes under the terms of the AIA General Conditions, Form A–201 (1976). And paragraph 7.9.2 of the contract stated that

> [t]he demand for arbitration shall be made within the time limits specified in Subparagraph 2.2.12 where applicable, and in all other cases within a reasonable time after the claim, dispute or other matter in question has arisen, and *in no event shall it be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.*

(Emphasis added.)

In *200 Levee Drive,* we stated that paragraph 7.9.2 of the parties' agreement indicated an intention by the parties to incorporate the applicable statute of limitations for litigation claims and that the statute of limitations clause thus limited a party's right to demand arbitration. *Id.* at 563. Therefore, we found that the time and expense of an action to compel arbitration and the actual arbitration hearing would be eliminated under the provisions of paragraph 7.9.2 if a determination were made that the applicable statute of limitations prevented such action. *Id.* We then concluded that the district court properly re-

served to itself the jurisdiction to make that determination. *Id.*

Following our decision in *200 Levee Drive,* we conclude that the district court had the jurisdiction to rule on the timeliness of the demand for arbitration pursuant to the statute of limitations clause in paragraph 7.9.2 of the parties' contract.

II.

The construction and applicability of a statute of limitations is a question of law, reviewed de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn. 1998).

Here, both parties agree that the applicable limitations period is provided in Minn.Stat. § 541.051, subd. 1 (2002). That statute states that in actions for damages based on improvements to real property, a party has two years to bring a cause of action. *Id.*

While the parties agree that the applicable statute of limitations period is two years, the parties disagree on what triggers that limitations period. For an action brought in court, the limitations period under Minn.Stat. § 541.051, subd. 1, begins to run when an actionable injury is discovered, or with due diligence, should have been discovered, regardless of whether the precise nature of the defect causing the injury is known. *The Rivers v. Richard Schwartz/Neil Weber, Inc.,* 459 N.W.2d 166, 168 n. 2 (Minn.App.1990), *review denied* (Minn. Oct. 25, 1990). "Discovery that an injury arises out of a defective condition is discovery of the defective condition." *Pamida, Inc. v. Christenson Bldg. Corp.,* 285 F.3d 701, 704 (8th Cir. 2002).

But while acknowledging that a cause of action in the litigation context accrues upon the discovery of an injury, appellant argues that paragraph 7.9.1 of the parties' contract established a different standard for what triggers the limitations period for purposes of arbitration. The language in paragraph 7.9.1 of the contract states that the arbitration hearing must be decided in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. And appellant points out that those rules state that a written demand for arbitration must contain a statement setting forth the nature of the dispute and the names and addresses of all other parties. Thus, appellant contends that until all of that information was known, appellant could not have made a demand for arbitration. And because appellant claims not to have known the specific cause of the injury and the responsible party until February 14, 2000, appellant argues that the two-year limitations period for appellant's arbitration claim began to run on that date.

We agree with appellant's proposition that in general a claim is not barred in arbitration solely because it would be barred pursuant to a statute of limitations if asserted in an action in court. *Har–Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 155–56, 218 N.W.2d 751, 755 (1974). And we agree that parties to a contract requiring arbitration may specify a different standard for what triggers the applicable limitations period. But we reject appellant's argument that the fact that the parties incorporated the Construction Industry Arbitration Rules of the American Arbitration Association alters what triggers the applicable statute of limitations. Rather, those rules state that "the initiating party shall, *within the time period, if any, specified in the contract*" provide written notice of its intention to arbitrate and that this demand must contain a statement setting forth the nature of the dispute and the names of all other parties. (Emphasis added.) Thus, while

the Construction Industry Arbitration Rules may require more specificity in a demand for arbitration than is required for a lawsuit, those rules also require that the initiating party abide by the limitations period established in the contract. And here, paragraph 7.9.2 of the parties' contract incorporated Minn.Stat. § 541.051, subd. 1, as the applicable statute of limitations for the contract.

Having concluded that the limitations period for litigation applies under the parties' contract, we must next determine whether the district court erred when it found that appellant discovered the injury by at least December 9, 1999. In addressing this issue, we note that the facts here are similar to the facts in *Dakota County v. BWBR Architects, Inc.*, 645 N.W.2d 487 (Minn.App.2002), *review denied* (Minn. August 20, 2002). In that case, appellant Dakota County entered into a contract with the respondent BWBR Architects, Inc., to design a new building. *Id.* at 490. The construction was completed in 1990, and appellant occupied the building in February 1991. *Id.* In 1992, Dakota County maintenance workers were notified about leaks in the building, and between 1992 and 1994, more than two dozen work orders were prepared by the Dakota County maintenance staff in order to repair leaks or water infiltration in the building. *Id.* On September 15, 1994, a Dakota County maintenance supervisor sent a letter to BWBR asking that they investigate and repair a chronic leak. *Id.* And on October 7, 1994, the supervisor met with BWBR to discuss the water problems. *Id.* at 491. Finally, in October 1997, appellant hired a masonry consultant to conduct a thorough investigation of the leaks. *Id.* The investigation revealed substandard construction on the part of the respondent. *Id.* The appellant then initiated a lawsuit against BWBR on November 23, 1998. *Id.* But the district court determined that an actionable injury existed at least as of 1994. *Id.* at 493. Because of that finding, this court affirmed the district court's granting of summary judgment for the respondent based on the fact that the two-year statute of limitations period had passed by 1998. *Id.*

We conclude that following *BWBR*, the district court properly found that the statute of limitations began to run at least by December 9, 1999. On that date a Chappell technician informed the superintendent of schools that multiple heat pumps should not have failed in such a short period of time. And in an affidavit prepared for the trial, the superintendent stated that on December 9, 1999, he was concerned that a "major defect" was occurring. Therefore, by that date, appellant discovered an injury. As was the case in *BWBR*, the numerous repairs that were made to the building between 1996 and 1999 may have arguably been minor, but the record shows that by December 9, 1999, appellant discovered an actionable injury with the failure of multiple heat pumps in a short amount of time. And because the two-year statute of limitations was triggered on December 9, 1999, the district court properly found that appellant's demand for arbitration on December 28, 2001, was untimely.

## III.

Respondent brought a motion to strike those parts of appellant's brief and appendix that argued for the first time on appeal that the district court lacked subject matter jurisdiction to rule on the timeliness of appellant's demand for arbitration. But lack of subject matter jurisdiction may be raised at any time, including for the first time on appeal. *Cochrane v. Tudor Oaks Condo. Project*, 529 N.W.2d 429, 432 (Minn.App.1995), *review denied*

(Minn. May 31, 1995); *see also* Minn. R. Civ. P. 12.08(c) ("[w]henever it appears * * * that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Therefore, we deny respondent's motion to strike.

## DECISION

The district court had jurisdiction to stay the arbitration because it determined that appellant's demand for arbitration was untimely. The fact that the parties incorporated the Construction Industry Arbitration Rules of the American Arbitration Association, which require more specificity in a demand for arbitration than is required in a lawsuit, did not alter what triggers the applicable statute of limitations. And here, the parties' contract specifically incorporated the statute of limitations applicable for litigation claims under Minn.Stat. § 541.051, subd. 1, which established a two-year limitations period that began when the actionable injury was discovered.

**Affirmed; motion to strike denied.**