**HARTFORD FIRE INSURANCE COMPANY, Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Midwest Rubber Service & Supply Co., Boston Industrial Products, Inc., a division of DANA Corporation, Brand Midland Corporation, formerly known as Brand Distributors, Inc., and B.F. Goodrich Co., Respondents.**

No. C0–89–1032.

Court of Appeals of Minnesota.

Jan. 16, 1990.

Review Denied March 22, 1990.

William P. Studer, Cheryl L. Appledorn, Oppenheimer Wolff & Donnelly, St. Paul, and Moris Davidovitz, and Donald B. Mac-Dougall, Fisher & Hurst, San Francisco, Cal., for Hartford Fire Ins. Co., appellant.

John F. Angell, Lasley, Gaughan, Stich & Angell, Minneapolis, and Kevin P. Lucas, and James C. McLean, Manion, McDonough & Lucas, Pittsburgh, Pa., for Westinghouse Elec. Corp., respondent.

Marcus M. Baukol, Baukol, Nyberg & Thompson, St. Louis Park, for Midwest Rubber Service & Supply Co., respondent.

Gerald M. Linnihan, Jardine, Logan & O'Brien, St. Paul, for Boston Indus. Products, Inc., respondent.

Eric J. Magnuson and Keith J. Kerfeld, Rider, Bennett, Egan & Arundel, Minneapolis, for Brand Midland Corp., respondent.

Kent Harbison, Fredrikson & Byron, Minneapolis, for B.F. Goodrich Co., respondent.

Heard, considered and decided by SCHUMACHER, P.J., and CRIPPEN and FLEMING,* JJ.

## OPINION

CRIPPEN, Judge.

Applying the statute of limitations on real property improvements, the trial court granted summary judgment for all respondents in a suit to recover damages arising from a December 1983 generator explosion. We affirm as to causes of action connected with alleged design defects of the generator, installed in 1968, but reverse respecting causes connected with generator seal repairs in 1983.

## FACTS

In 1968 respondent Westinghouse Electric Corporation (Westinghouse) designed and built a 200 ton generator for Northern States Power (NSP) at its Stillwater plant. The generator is permanently affixed to a separate foundation at 75 different points; it is housed in a separate building with three levels of access.

In June 1983, the generator's blower fan malfunctioned, damaging various generator components. Westinghouse performed an inspection, did some repairs, recommended replacement of a neoprene rubber seal connected with the blower fan, and provided specifications for the seal. NSP ordered neoprene rubber for the seal, milled the rubber according to the specifications, and installed the seal. In December 1983, the rubber seal ruptured, causing catastrophic damage to the generator.

Several months later, NSP discovered that the rubber used for the replacement seal was Buna–S, rather than the more resistant neoprene rubber specified by Westinghouse. In the summer of 1987,

NSP's fire insurer, appellant Hartford Fire Insurance Company, commenced this action to recover claims paid to NSP. Appellant sued Westinghouse, NSP's rubber supplier, Midwest Rubber and Supply Service Company, and Midwest's rubber suppliers.

Regardless of when a defective real property improvement is discovered, a cause of action must be commenced within seventeen years after substantial completion of the improvement. Minn.Stat. § 541.051, subd. 1 and 2 (1984).[1] Because the action was commenced approximately 19 years after the generator was installed, the trial court granted summary judgment on counts 1 through 3 of the complaint regarding design defects of the 1968 installation. Counts 4 through 7 of the complaint state causes of action against Westinghouse related to its conduct in 1983. Counts 8 through 15 state related causes of action against Midwest and their suppliers. The court concluded that the 1983 work on the generator constituted an improvement to real property requiring commencement of a suit within two years after discovery of a defect in the improvement. Minn.Stat. § 541.051, subd. 1 (1986). Appellant challenges both of the trial court's limitation decisions.

## ISSUES

1. Does the 1968 installation of the generator constitute an improvement to real property?

2. Does the 1983 installation of a generator seal constitute an improvement to real property?

## ANALYSIS

1. The 1968 installation.

 There are two ingredients to an improvement to real property: 1) perma-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.
1. Effective in August 1986, the maximum time for an action was reduced by five years. 1986 Minn. Laws ch. 455, § 92. Prior to this amendment, the statute provided that, except where fraud is involved, no action arising out of the defective condition of an improvement to real property might be brought against any of various persons more than two years after dis-

covery, but in no event might the cause of action accrue more than 15 years after substantial completion of the project. If the cause of action accrued in the fourteenth or fifteenth year after substantial completion the action might be brought within two years but in no event later than seventeen years after substantial completion. Minn.Stat. § 541.051, subd. 1 and 2 (1984).

nence and 2) an increase in usefulness or capital value. *Kloster–Madsen, Inc. v. Tafi's Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975). Under this test, permanently affixed items of equipment, including their component parts, are improvements to real property. *See, e.g., Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448 (Minn.1988) (70 ton removable crane); *Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548 (1977) (installation of a furnace); *Thorp v. Price Bros. Co.*, 441 N.W.2d 817 (Minn.Ct.App.1989) (movable plant equipment, here a concrete molding machine), *pet. for rev. denied* (Minn. Aug. 15, 1989); *Farnham v. Nasby Agri–Systems, Inc.*, 437 N.W.2d 759 (Minn.Ct.App. 1989) (removable pipes in grain handling system); *Citizens Sec. Mut. Ins. Co. of Red Wing v. General Elec. Corp.*, 394 N.W.2d 167 (Minn.Ct.App.1986) (electrical component of light fixtures), *pet. for rev. denied* (Minn. Nov. 26, 1986); *Kemp v. Allis–Chalmers Corp.*, 390 N.W.2d 848 (Minn.Ct.App.1986) (electrical cables running into electrical starter compartment); and *Lovgren v. Peoples Elec. Co., Inc.*, 368 N.W.2d 16 (Minn.Ct.App.1985) (electrical transformer vault), *reversed on other grounds*, 380 N.W.2d 791 (Minn.1986). *Cf. Massie v. City of Duluth*, 425 N.W.2d 858 (Minn.Ct.App.1988) (water slide removed every winter for storage not a real property improvement), *pet. for rev. denied* (Minn. Sept. 16, 1988). These precedents confirm the trial court's decision that causes connected with the 1968 installation are time barred.

Appellant contends that prior decisions like *Sartori* are distinguishable here, because of evidence that the generator had a limited useful life of 30 years. This suggested distinction has no merit. Finite life is an inherent characteristic of the crane in *Sartori* and other permanently affixed equipment or fixtures previously found to constitute improvements to real property. At least on evidence of a 30 year useful life, we are not dealing with a fixture with so short a life as to defy the notion of permanence. *See Thorp*, 441 N.W.2d at 820 (useful life not a factor to consider when determining whether a machine or

system constitutes an improvement to real property).

■ Appellant further argues that application of the statute to the 1968 generator installation defies equal protection of the law because installers of unattached machinery would not be protected by the statute of limitations. The supreme court has said that corrective amendments to section 541.051 "close[d] the door to objection to the statute on equal protection grounds." *Calder v. City of Crystal*, 318 N.W.2d 838, 843 (Minn.1982). *See also, Sartori*, 432 N.W.2d at 453–54 (upholding the statute on a due process challenge). It is not our prerogative to question these settled matters of law.

Respondent Westinghouse contends that a cause of action arising out of the 1968 installation is precluded by a limitation in the original contract for sale of the generator or by the four year statute of limitations for breach of sales contracts contained in UCC section 336.2–725. Because we agree that the 1968 installation is governed by section 541.051, we do not address these issues.

2. The 1983 repairs.

■ Those improvements which increase the usefulness or the capital value of real property are to be "distinguished from ordinary repairs." *Kloster–Madsen*, 303 Minn. at 63, 226 N.W.2d at 607. The meaning of this distinction has not been previously addressed by Minnesota appellate courts. Midwest and its suppliers contend that events surrounding the seal installation, using a $35 supply of rubber strips, constitutes an improvement to real property. We disagree. Replacement of the seal constituted an ordinary repair merely restoring, not increasing, the value and utility of the generator improvement.

Respondents Midwest, Brand's, and Goodrich argue that the seal repair must be viewed as an improvement because it was so critical to the function of the generator. That observation may be universal to any repair. The rationale is not useful in deciding the issue.

Appellant contends alternatively that the statute of limitations was tolled by fraud that it asserts was adequately alleged against Midwest in its complaint. Because we agree with appellant that causes connected with the 1983 repair are not precluded by limitations of section 541.-051, we do not examine this additional issue.

The trial court concluded, as Westinghouse contends, that the record indicates no affirmative conduct by Westinghouse which would support appellant's allegations of fault connected with replacement of the generator seal. Counts 4 through 7 of appellant's complaint adequately state causes of action in connection with Westinghouse's 1983 activity in inspecting and furnishing specifications for the new seal. Facets of alleged 1983 conduct that merely ratify 1968 design decisions are nonetheless a part of decisionmaking and action on 1983 repairs. The allegations are not precluded by the limitations under section 541.051 and remain before the trial court for adjudication of other issues of law and fact.[2]

### DECISION

Counts 4 through 15 in the complaint state causes of action which are not defeated by limitations in Minn.Stat. § 541.051.

Affirmed in part, reversed in part and remanded.

**2.** On counts 4 through 15, the decision reviewed here is confined to the issue under section 541.-051. Thus, for example, we have not addressed the significance of the four year statute of limitations for sale of goods. On review, reference to the four year statute was confined to Westinghouse's actions in 1968. We have not determined whether this statute has any bearing on the furnishing of any goods connected with the generator seal. In fact, we could not examine this question because the present record does not reveal the time span between many events in 1983 and the actual commencement of this action in 1987.