George D. HENRY, Individually and as Trustee for the Heirs and Next-of-Kin of Abigael J. Henry, Deceased, Plaintiff,

v.

RAYNOR MANUFACTURING COMPANY, d/b/a Raynor Garage Doors, an Illinois Corporation, The Edwards Power Door Company and its Corporate Parents and Successors, Celotex Corporation, a Delaware Corporation, Jim Walter Corporation, a Florida Corporation, Wayne–Dalton Corporation, an Ohio Corporation, Pioneer Overhead Door, Inc., a Nebraska Corporation, and Edward Power Door, Inc., a Nebraska Corporation, Defendants.

No. 3–90 CIV 226.

United States District Court,
D. Minnesota,
Third Division.

Nov. 21, 1990.

Robins, Kaplan, Miller & Ciresi by Leo F. Feeney and Vincent J. Moccio, St. Paul, Minn., for plaintiff.

Rider, Bennett, Egan & Arundel by Richard H. Krochock and Deborah C. Ecklund, Minneapolis, Minn., for defendant Raynor Mfg. Co.

Murnane, Conlin, White, Brandt & Hoffman by Hal A. Shillingstad, St. Paul, Minn., for defendants Jim Walter Corp. and Wayne–Dalton Corp.

## ORDER

ALSOP, Chief Judge.

The above entitled matter came before the court on defendant Raynor Manufacturing Company's, Jim Walter Corporation's, and Wayne–Dalton Corporation's motions for summary judgment on November 9, 1990, pursuant to Federal Rule of Civil Procedure 56(b).

## I. *STANDARD OF REVIEW*

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses which are either factually unsupported or which are based on undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Hegg v. United States*, 817 F.2d 1328, 1331 (8th Cir.1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The test for whether there is a genuine issue over a material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512; *Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc.*, 824 F.2d 582, 585 (8th Cir.1987). Second, any dispute over material fact must be "genuine." A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of his claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## II. FACTUAL BACKGROUND

On October 5, 1988, Abigael Henry, age nine, died of suffocation when entrapped by an automatically operated garage door at her home in Eden Prairie, Minnesota. On March 19, 1990, plaintiff George D. Henry, individually and as trustee for the heirs and next of kin of Abigael J. Henry, brought this wrongful death action against various defendants, including Raynor Manufacturing Company, d/b/a Raynor Garage Doors ("Raynor"), the manufacturer of the garage door located at the Henry resi-

dence, and the Edwards Power Door Company ("Edwards"), the manufacturer of the automatic garage door opener located at the Henry residence, and the alleged corporate parents and successors of Edwards, including the Jim Walter Corporation ("JWC") and Wayne–Dalton Corporation ("Wayne–Dalton").

Counts I, II and III allege negligence, breach of express and implied warranties, and strict liability causes of action against Raynor Manufacturing. Similarly, Counts IV, V and VI allege negligence, breach of express and implied warranties and strict liability against defendant Edwards Power Door Company and its corporate parents and successors.

The home in which the Henrys lived at the time of this accident is located at 9340 Cedar Forest in Eden Prairie, Minnesota. The plaintiff does not dispute that the garage door, its torsion springs, and the automatic door opener were installed in 1975, more than ten years before the accident that resulted in Abigael Henry's death.

Raynor, JWC, and Wayne–Dalton have brought motions for summary judgment alleging the plaintiff's claims are barred by the Minnesota Wrongful Death Statute, *Minn.Stat.* § 573.02, and the Improvement to Real Property Statute, *Minn.Stat.* § 541.051.

## III. ANALYSIS

### A. *Wrongful Death Statute*

■ Defendants first contend that plaintiff's wrongful death causes of action are barred by Minnesota's wrongful death statute. *Minn.Stat.* § 573.02, subd. 1. This statute provides in pertinent part:

When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission.... Any other action under this section may be commenced within three years after the date of death provided that the action must be commenced within six years after the act or omission ...

*Id.*

Defendants argue that the phrase "act or omission" in the above statute refers not to the time of Abigael Henry's accident, but rather to the date of the alleged wrongful act and omission of the defendants. Thus, they would argue the six-year period began to run immediately after the garage door and garage door opener were installed in July of 1974 and expired in 1980, eight years before Abigael Henry's accident and subsequent death.

The court cannot agree with defendants' interpretation of the statute. It is clear from the legislative history of *Minn.Stat.* § 573.02 that the phrase "act or omission" refers to the date of the accident which causes death. The Minnesota Supreme Court in *Bonhiver v. Fugelso*, 355 N.W.2d 138 (Minn.1984) has also indicated in dicta that this would be its interpretation of the statute. In *Bonhiver*, the plaintiff's wife fell down some stairs and severely injured herself. *Id.* at 139. She sued alleging negligence in the design and construction of the steps and failure to warn of the sudden change in elevation. *Id.* She later died, and her husband instituted a wrongful death action. *Id.* Although decided on other grounds, the Minnesota Supreme Court noted that without any further reading of *Minn.Stat.* § 573.02, the requirements seemed to indicate that the plaintiff's wrongful death suit should have been brought within three years from the date his wife fell down the ramp. *Id.* at 141. While the supreme court was looking at a prior version of *Minn.Stat.* § 573.02, that version also contained the "act or omission" language.

From the facts of *Bonhiver*, it is clear the supreme court read the wrongful death statute to be referring to the date of the accident rather than the date of the original negligent act of the defendant. This is true because when addressing the question of when the statute would run, the court referred to the date of the woman's accident at the ramp and made no reference to

the date on which the defendant designed or built the ramp.

Therefore, the court finds that the six-year statute of limitations and *Minn.Stat.* § 573.02 begins to run on the date of the accident that causes death. In the case at hand, the accident occurred in 1988. Consequently, as the six-year statute of limitations has not run, the court will not grant defendants' summary judgment motion on this ground.

### B. *Improvement to Real Property Statute*

■ Defendants next contend that plaintiff's action is time-barred by *Minn.Stat.* § 541.051, which mandates that all actions arising out of a defect in an improvement to real property must be commenced within ten years after substantial completion of construction. Specifically, the statute states in relevant part:

> Subd. 1. Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, ... shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery ... [thereof,] nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

*Id.*

The Minnesota Supreme Court has defined an improvement to real property as:

> A permanent addition to or betterment to real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Pacific Indemnity v. Thompson–Yaeger,* 260 N.W.2d 548, 554 (Minn.1977).

Defendants argue that under this definition, the garage door, torsion springs, and garage door opener were improvements to real property and thus plaintiff's claims are time-barred. Plaintiff counters that while the garage door was an improvement to real property, the garage door opener was not an improvement to real property under the *Pacific Indemnity* definition. Alternatively, plaintiff maintains that recent amendments to *Minn.Stat.* § 541.051 and the creation of *Minn.Stat.* § 325F.83, subd. 8 demonstrate that the legislature never intended that garage door openers be considered improvements to real property under *Minn.Stat.* § 541.051. In addition, plaintiff contends that although the garage door is an improvement to real property, the operation of the ten-year statute of repose should be tolled as to Raynor because of fraud on Raynor's part. Finally, plaintiff argues that the improvement to real property statute of repose is inapplicable to its failure to warn claims against the defendants.

Applying the improvement to real property definition, as set forth by the *Pacific Indemnity* Court, the court agrees with defendants that the garage door opener manufactured by Edwards Power Door, Inc. was an improvement to real property under *Minn.Stat.* § 541.051's statute of repose. The garage door opener was a permanent addition to the Henrys' home; was permanently affixed to the home. In addition, the garage door opener was installed through the expenditure of labor and money and was designed to make the house and property more useful and enhance the property's value.

■ Plaintiff would nonetheless argue that the garage door opener does not constitute an improvement to real property given the recent amendment to *Minn.Stat.* § 541.051 and addition of *Minn.Stat.* § 325F.83, subd. 8. As amended, *Minn. Stat.* § 541.051, subd. 1(d) provides: "The limitations prescribed in this section do not apply to the manufacturer or supplier of any equipment or machinery installed upon real property." In addition, *Minn.Stat.* § 325F.83, subd. 8, effective August 1,

1990, states that garage door openers are not improvements to real property and thus specifically excludes them from *Minn.Stat.* § 541.051.

Plaintiff admits that these new laws, if prospective, do not apply to their case. However, they argue that the legislature by passing these acts, was clarifying its former definition of improvement to real property and not changing the law. Thus, they contend these laws should be applied retroactively. In support of their contention that the amendment to *Minn.Stat.* § 541.051 was a clarification by the legislature, plaintiff offers the *Minnesota Injury Compensation Study Commission Report to the Legislature* (Jan.1990). Plaintiff explains that the amendment to section 541.-051 was part of the Omnibus Tort Bill, which was based upon this report. According to plaintiff, the Commission concluded that any reasons justifying a statute of repose should not extend to products liability cases in general. Thus the Commission recommended amendment of section 541.-051 to exclude certain products liability actions. Plaintiff argues that the Commission's report shows that *Minn.Stat.* § 541.051 was amended to clarify the legislature's position that it never intended that this statute of repose sometimes creates a shorter statute of limitations for products liability actions.

Plaintiff is correct that a clarifying act by the legislature is to be read retroactively. *Nardini v. Nardini,* 414 N.W.2d 184, 196 (Minn.1986). However, under Minnesota law, "no law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." *Minn.Stat.* § 645.21. In the case at hand, it is clear that the amendment was proposed not to clarify what the definition of improvement to real property was, but rather to change the statute's arguably unjust results in products liability actions. Thus, as there is no evidence that the legislature intended the amended section 541.-051 and the new *Minn.Stat.* § 325F.83, subd. 8, to apply retroactively, the court will not apply them to the case at hand.

■ Having decided that the garage door opener is an improvement to real property, the court must now address plaintiff's claims that the statute was tolled because of fraud on Raynor's part and that the statute of repose is inapplicable to plaintiff's failure to warn claim. As to the first claim, plaintiff correctly notes that *Minn.Stat.* § 541.051 makes an express exception for fraud. With respect to section 541.051, the Minnesota Supreme Court has noted that under the fraud provision, if the defendant has by fraud prevented the plaintiff from discovering the defective and unsafe condition within the limitations period, the statute is tolled until the plaintiff could, by reasonable diligence, have discovered the defective condition. *Wittmer v. Ruegemer,* 419 N.W.2d 493, 497 (Minn. 1988).

Plaintiff seizes upon this language in *Wittmer* to establish that Raynor committed fraud against him. Plaintiff claims that Raynor, by fraud, prevented him from discovering the defective and unsafe conditions of the torsion ring's components, and therefore that the statute was tolled until he could by reasonable diligence have discovered the defective condition of the springs. He claims that Raynor fraudulently concealed that the torsion spring component to the garage door at the Henry residence had a latent defect resulting in the unexpected failure of those springs after approximately 7,000 cycles. Plaintiff further claims that Raynor had full knowledge of the latent defect contained within the torsion spring component and had knowledge that the door would fail as it did after 7,000 cycles. Nevertheless, argues plaintiff, Raynor did not inform consumers, the previous owner of the Henry house, or the trustee of these facts. Therefore, plaintiff would argue Raynor committed fraud by failing to inform plaintiff that the torsion springs would fail after 7,000 cycles.

While the *Wittmer* case does not refer to the elements of a fraud claim under the statute, it does cite to the opinion in *Wild v. Rarig,* 302 Minn. 419, 450, 234 N.W.2d 775, 795, *cert. denied,* 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976) in its

discussion of fraud. In that opinion, the Supreme Court of Minnesota set forth the definition of what constitutes fraudulent concealment. Quoting 51 Am.Jur. 2d Limitations of Actions, § 148, the court noted that:

> ... the concealment must be fraudulent or intentional and, in the absence of a fiduciary or confidential relationship, there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action.... Although mere silence or failure to disclose may not in itself constitute fraudulent concealment, any statement, word, or act which tends to the suppression of the truth renders the concealment fraudulent.

In the present case, plaintiff has proffered no evidence to support a fraudulent concealment claim. He merely claims that Raynor knew the torsion springs would break after 7,000 cycles and never told plaintiff this. There is no evidence of a fiduciary or confidential relationship between Raynor and the plaintiff. Consequently, in order to fall under the fraud division of section 541.051, plaintiff must demonstrate that Raynor acted affirmatively to prevent discovery of the cause of action. Plaintiff has offered no evidence of any affirmative act by Raynor to fraudulently conceal or prevent the plaintiff from discovering he had a cause of action. Thus, as the court finds no evidence of fraudulent or intentional concealment on Raynor's part, it rejects plaintiff's claim that the statute of repose contained in *Minn.Stat.* § 541.051 should be tolled.

Finally, plaintiff claims his allegations of failure to warn are not governed by the ten-year improvement to real property statute of repose. It is clear, however, that under *Minn.Stat.* § 541.051, any failure to warn on defendant's part at the time the garage door, torsion springs and garage door opener were installed would be a cause of action in tort and thus fall under the statute of repose contained in *Minn.Stat.* § 541.051. While it is true that Minnesota courts have allowed failure to warn claims to go ahead in the improvement to real property context, these cases involved instances where the defendant had taken on a continuing duty to warn after the improvement to real property was substantially completed. Thus, in those cases, the defendant's failure to warn was not controlled by the ten-year statute of repose because the actions on the part of the defendant occurred after the substantial completion of the construction and were independent of the actions constituting the completion of the improvement. *See, e.g., Horvath v. Liquid Controls Corp.*, 455 N.W.2d 60 (Minn.Ct.App.1990). As with the fraud claim, plaintiff has presented no evidence that defendants Raynor or Edwards or its parents and subsidiaries acted or failed to act in such a way that would impose upon the defendants a continuing duty to warn. Consequently, the court finds that plaintiff's failure to warn allegations fall under *Minn.Stat.* § 541.051's statute of repose.

As the court finds that the garage door and torsion springs manufactured by Raynor and the garage door opener manufactured by Edwards are improvements to real property, and that the ten-year statute of limitations for improvements to real property has run in the case at hand, it will grant defendants' motion for summary judgment on all counts of plaintiff's complaint.

Accordingly, upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED That the motion for summary judgment by defendants Raynor Manufacturing Company, Jim Walter Corporation, Wayne–Dalton Corporation, and Edwards Power Door Company on all counts of plaintiff's complaint is hereby GRANTED.