Grant J. MERRITT, et al., Appellants,

v.

Jennifer MENDEL, d/b/a Century Roofing, Respondent.

No. A04–1236.

Court of Appeals of Minnesota.

Jan. 18, 2005.

Grant J. Merritt, Kalina, Wills, Gisvold & Clark, P.L.L.P., Minneapolis, MN, for appellants.

William K. Strifert, Strifert Law Firm, Minneapolis, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge; KLAPHAKE, Judge; and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellants Grant and Marilyn Merritt challenge summary judgment granted to respondent Jennifer Mendel, d/b/a Century Roofing, arguing that the district court erred by applying the two-year statute of limitations to their claims against respondent for breach of contract and breach of warranty brought more than two years after they discovered the defective condition of "Ruberoid" roofing installed by respondent. Because the district court did not err by holding that replacement of a roof covering is an improvement to real property subject to the two-year statute of limitations contained in Minn.Stat. § 541.051, we affirm.

## FACTS

In 1979, appellants added a dining room, two bedrooms, a new kitchen, and a new bathroom to their home. The roof on the new portions of the home was flat and covered with tar and gravel. In 1997, appellants hired respondent to replace the tar and gravel roof covering with a "Modified Ruberoid" roof, which had a 10–year

warranty. But this roof started leaking soon after installation. Appellants contacted respondent several times over the next few years and respondent made repairs to the roof, but leaking continued. Appellants last contacted respondent in March 2001 to complain about leaks and respondent's manager reportedly shouted, "Yah, yours and ten thousand others." Appellants then decided to contact another roofing company. That company redesigned the roof with a "taper system" to allow for better drainage.

More than two years later, appellants sued respondent in conciliation court for breach of warranty and were awarded damages. Respondent removed the case to district court and moved for summary judgment based on the two-year statute of limitations for improvements to real property. The district court granted summary judgment to respondent and this appeal followed.

### ISSUE

Is replacement of a roof covering an improvement to real property subject to the two-year statute of limitations contained in Minn.Stat. § 541.051?

### ANALYSIS

*Standard of Review*

■ "On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower court[ ] erred in [its] application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). "On appeal, the evidence must be viewed in the light most favorable to the party against whom judgment was granted." *Brandt v. Hallwood Mgmt. Co.,* 560 N.W.2d 396, 399 (Minn.App.1997). The construction and applicability of a statute of limitations is a question of law, reviewed de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998).

■ Appellants argue that the district court erred by applying the two-year statute of limitations contained in Minn.Stat. § 541.051, subd. 1(a), which provides:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury . . .

Appellants assert that the 1997 roof-covering replacement is an ordinary repair, not an improvement under the statute, and therefore the six-year statute of limitations for breach of warranty and breach of contract contained in Minn.Stat. § 541.05 (2002) applies.[1]

■ "Improvement" is defined in caselaw as "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful

---

1. Minn.Stat. § 541.051, subd. 4, provides that subd. 1 does not apply to actions based on breach of express written warranty "provided such actions shall be brought within two years of the discovery of the breach." Appellants concede their claim was not brought within two years of discovery of the breach.

or valuable as distinguished from ordinary repairs." *Taney v. Indep. Sch. Dist. No. 624*, 673 N.W.2d 497, 504 (Minn.App.2004), *review denied* (Minn. Mar. 30, 2004) (quoting *Kloster–Madsen, Inc. v. Tafi's, Inc.*, 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975) (deciding the meaning of "improvement" in the context of mechanic liens); *see also Pac. Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn. 1977) (applying the same definition of "improvement" in the context of Minn.Stat. § 541.051)). The definition also includes the requirement that "to be a permanent addition to or betterment of real property, it must be integral to and incorporated into the building or structure on the property." *Id.* (quotation omitted). Courts will use a "common sense" approach when determining whether something is an improvement under section 541.051. *Williams v. Tweed*, 520 N.W.2d 515, 518 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994). "Moreover, section 541.051 is to be construed so that the plain meaning applies, without resort to technical legal constructions of its terms." *Id.*

When comparing ordinary repairs and improvements, this court has stated that "merely restoring, not increasing, the value and utility" of an item is not an improvement. *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 450 N.W.2d 183, 186 (Minn.App.1990), *review denied* (Minn. Mar. 22, 1990). Appellants cite to several cases, which involved a new addition to property, and argue that those cases, as did their 1979 addition, involved *obvious* improvements, while re-roofing an existing structure is only a repair.[2] We disagree. Common sense dictates that new roofing is an enhancement involving the expenditure of labor and money, integral to and incorporated into the structure, and designed to make the property more useful and more valuable.

## DECISION

The district court did not err by concluding that replacement of a roof covering is an improvement to real property and dismissing appellant's claim as barred by the two-year statute of limitations contained in Minn.Stat. § 541.051.

**Affirmed.**

---

**2.** Appellant considered "obvious" improvements to include adding "panic bar" doors to a school, adding an above-ground swimming pool to a yard, and adding smoke detectors to a duplex. *Taney*, 673 N.W.2d 497 ("panic bar" doors); *Kline v. Doughboy Recreational Mfg. Co.*, 495 N.W.2d 435 (Minn.App.1993) (above-ground swimming pool); *Patton v. Yarrington*, 472 N.W.2d 157 (Minn.App.1991), *review denied* (Minn. Aug. 29, 1991) (smoke detectors).