# STATE OF MICHIGAN

# COURT OF APPEALS

TINDALL LAW,

　　　　　Plaintiff-Appellant,

v

LIVINGSTON COUNTY PROBATE
CLERK/REGISTER,

　　　　　Defendant-Appellee.

UNPUBLISHED
June 11, 2015

No. 320798
Livingston Circuit Court
LC No. 14-027878-AW

Before: RIORDAN, P.J., and DONOFRIO and BECKERING, JJ.

PER CURIAM.

Plaintiff, Tindall Law, appeals by right the circuit court's dismissal of its complaint for mandamus and other relief, which sought to require defendant, the Livingston County Probate Clerk/Register, to accept certain documents for filing. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff represents a party in a Livingston County Probate Court case (the probate case) on remand from a pending action in the United States Bankruptcy Court for the Eastern District of Michigan (the bankruptcy case). Plaintiff sought to file the record from the bankruptcy case with defendant for inclusion in the probate case. Defendant notified plaintiff that it would not accept the record for filing. Plaintiff made a second, written request and defendant again denied plaintiff's filing, citing an order from the probate court judge that barred any future filings in the case until certain other matters were resolved.

Plaintiff then initiated the instant action against defendant in Livingston Circuit Court, filing a "Complaint for Writ of Mandamus/Superintending Control, Declaratory Judgment and Injunctive Relief." Plaintiff sought a declaratory judgment and writ of mandamus directing defendant to accept the bankruptcy record for filing. The circuit court denied plaintiff's requests for a writ and dismissed the complaint.

## II. DISMISSAL OF PLAINTIFF'S COMPLAINT

Plaintiff argues that the circuit court erred in dismissing its mandamus complaint without a hearing. Plaintiff asserts that the court failed to properly apply MCR 2.504(B)(1), the court rule pertaining to involuntary dismissals. However, the court did not dismiss plaintiff's complaint under that court rule, nor did it cite any court rule pursuant to which it dismissed the complaint. However, a trial court's failure to cite a specific court rule is not dispositive. See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012); *Robert A Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 477 n 6; 760 NW2d 526 (2008). Indeed, this Court will affirm the result reached by the trial court, even if it employs different reasoning for doing so. *Bd of Trustees of City of Pontiac Police & Fire Retiree Prefunded Group Health Ins Trust v City of Pontiac*, __ Mich App __; __ NW2d __ (Docket No. 316680, issued March 17, 2015), slip op at 8. Moreover, a trial court has the authority to grant summary disposition *sua sponte*. See MCR 2.116(I)(1) (authorizing a trial court to *sua sponte* grant summary disposition if the pleadings show that a party is entitled to judgment as a matter of law or if the documentary evidence shows that there is no genuine issue of material fact); *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). As discussed in more detail *infra*, we find that the dismissal of plaintiff's complaint was appropriate because plaintiff was not entitled to the extraordinary remedy of mandamus. Although the trial court decided the matter without a hearing, plaintiff did not move for reconsideration, and there is no indication in the record that plaintiff was denied the opportunity to seek reconsideration of the circuit court's ruling. Thus, there is no merit to plaintiff's argument that it was denied notice and a hearing or was otherwise deprived of due process because of the procedure employed. See *Al-Maliki*, 286 Mich App at 485-486.

## III. MANDAMUS

There is no merit to plaintiff's request for a writ of mandamus. "A trial court's decision regarding a writ of mandamus is reviewed for an abuse of discretion." *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011) (quotation marks and citation omitted). An abuse of discretion occurs when the trial court selects an outcome falling outside the range of principled outcomes. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 625; 750 NW2d 228 (2008). A writ of mandamus is an extraordinary remedy. *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 366; 820 NW2d 208 (2012). It is appropriate where "(1) the plaintiff has a clear legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other legal or equitable remedy exists that might achieve the same result." *Bay City*, 292 Mich App at 165. Whether defendant had a clear legal duty and plaintiff had a clear legal right to the performance of that duty are questions of law subject to de novo review. *Id.* at 164.

Plaintiff does not have a clear legal right to the performance sought. It relies upon MCL 700.1303(2), which provides that, upon removal of a case to probate court, "the *other court* shall forward to the probate court the original of all papers in the action or proceeding." (Emphasis added). The duty to forward records is on the other court, not the parties. The statute does not impose a clearly legal duty on defendant to accept any filings. Therefore, the statute cannot be construed to mean that defendant has a clear legal duty to accept a record from a party in the removal action.

With regard to a clear legal duty, plaintiff argues that defendant must keep a case history and keep all case records and documents. See MCR 8.119 (describing the duties of circuit court clerks with regard to records and the filing of documents); MCR 8.302 (providing that the probate court clerk "shall maintain court records" in accordance with MCR 8.119). However, defendant is subject to orders of probate court judges. See MCR 8.301 (subjecting the registers of probate and probate court clerks to the "direction and supervision" of probate judges); *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 149; 665 NW2d 452 (2003) (recognizing that the clerk of a court is subject to the orders of the court). Here, where the probate judge ordered defendant not to accept any more filings in the probate case until certain preliminary matters were resolved, plaintiff cannot establish a clear legal right to the performance of a duty sought. Moreover, we note, as did the circuit court, that plaintiff's complaint essentially challenged the order of the probate court in which it stated that no additional filings would be accepted until certain preliminary matters were decided. In essence, plaintiff's complaint sought to circumvent the normal appellate process with regard to the probate court's order. Such a procedure is not permitted. See *Public Health Dep't v Rivergate Manor*, 452 Mich 495, 500-501; 520 NW2d 515 (1996) ("An order of superintending control will not be granted when the party seeking the order is entitled to pursue an appeal. Nor will an order of superintending control be issued where the petitioner seeks to employ the court's power to superintend as a substitute for an appeal or to evade a statutory prohibition of an appeal.") (citations omitted). For these reasons, mandamus was not appropriate in this case and the circuit court did not err in dismissing plaintiff's complaint.

## IV. UNPRESERVED CONSTITUTIONAL CHALLENGES

Plaintiff argues that the probate court's refusal to accept the documents was a violation of the Michigan and United States Constitutions. Plaintiff failed to preserve its constitutional arguments because it did not raise them before the circuit court. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). Therefore, we review them for outcome-determinative plain error. *In re Consumers Energy Co*, 278 Mich App 547, 568; 753 NW2d 287 (2008). Plaintiff argues that its client in the probate matter has a right to counsel and that prohibiting it from filing the bankruptcy record in this case denied that client the right to counsel. However, not only have no facts been identified to show that the trust that hired plaintiff was denied its right to select the counsel of its choosing, the case plaintiff cites in support of its assertion does not support plaintiff's argument. The rule upon which plaintiff relies states that, if in either a civil or criminal case, "a state or federal court were *arbitrarily* to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense." *Powell v Alabama*, 287 US 45, 69; 53 S Ct 55; 77 L Ed 158 (1932) (emphasis added). However, defendant was not acting arbitrarily, but was following an order from the probate court judge. Plaintiff has not shown or even argued that the order itself was entered arbitrarily or that it was anything other than a proper exercise of the court's administrative discretion and case

-3-

management. And, as noted, there is no indication that plaintiff's client in the probate case was in any way denied the right to counsel. Plaintiff's constitutional claims are meritless.[1]

Affirmed.

/s/ Michael J. Riordan
/s/ Pat M. Donofrio
/s/ Jane M. Beckering

---

[1] We question whether plaintiff has standing to assert rights, constitutional or otherwise, that belong to its client. "A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Fieger v Comm of Ins*, 174 Mich App 467, 471; 437 NW2d 271 (1988). However, we do not address the issue of standing, which has not been briefed or argued, given that plaintiff failed to establish error.